```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

JERMAINE UNDERWOOD,

                Petitioner,

**DECISION AND ORDER**
**No. 06-CV-0674T**

    -vs-

H. GRAHAM, Superintendent
Auburn Correctional Facility
            Respondent.
_____

## I.  Introduction

*Pro se* petitioner, Jermaine Underwood ("Petitioner"), has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered September 9, 2002, in New York State, Supreme Court, Erie County, convicting him, upon a plea of guilty, of Manslaughter in the First Degree (N.Y. Penal Law ("Penal Law") § 25.20[1]), and Robbery in the First Degree (Penal Law § 160.15[4]).

For the reasons stated below, the writ is denied and the petition is dismissed.

## II. Factual Background and Procedural History

Under an Erie County Grand Jury Indictment No. 01-1199-001, Petitioner was charged with one count of murder in the second degree and one count of criminal possession of a weapon in the second degree, stemming from an incident that occurred on May 13, 2001 in which Petitioner shot and killed Taiwan Harwell

("Harwell"). See Indictment No. 01-1100-001.

Under a separate Erie County Grand Jury Indictment No. 01-1424-001, Petitioner was charged with one count of robbery in the first degree, stemming from an incident that occurred on March 16, 2001 in which Petitioner forcibly stole $25.00 from Kendrell Gadley ("Gadley") and displayed a pistol. See Indictment No. 01-1424-001.

Petitioner pleaded guilty on March 26, 2002 to manslaughter in the first degree and robbery in the first degree in full satisfaction of both indictments. Plea Colloquy [P.C.] 20. During the plea allocution, Petitioner admitted shooting Harwell, with the intent of seriously injuring him, and stealing property from Gadley. P.C. 15-18. In exchange for his plea of guilty, Erie County Supreme Court Judge Mario J. Rossetti agreed that the sentences he would impose on each count would run concurrently. P.C. 12.

Petitioner was sentenced to concurrent terms of twenty-three years for manslaughter and three and a third to ten years for robbery, as well as a term of five years post-release supervision. Sentencing Minutes [S.M.] 7-8; Petitioner's Certificate of Conviction.

Petitioner appealed the judgment of conviction to the Appellate Division, Fourth Department, which was unanimously affirmed in a summary order, citing People v. Hidalgo, 91 N.Y.2d 733, 737 (1998). People v. Underwood, 23 A.D.3d 1064 (4th Dep't.

2005). Leave to appeal to the New York Court of Appeals was denied. People v. Underwood, 6 N.Y.3d 781 (2006).

This habeas corpus petition followed, wherein Petitioner seeks relief on the following two grounds: (1) that his sentence was excessive; and (2) that the waiver of his right to appeal is invalid. Petition [Pet.] ¶ 22A-B.

**III. General Principles Applicable to Habeas Review**

    **A.    The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the

law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision.  Williams, 529 U.S. at 412;  accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case.  Williams, 529 U.S. at 413;  see also id. at 408-10.  "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently."  Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001).  Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable."  Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence."  Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct.  The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1);  see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The

presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

### B. Exhaustion Requirement

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984).

## IV. Petitioner's Claims

### 1. EXCESSIVE SENTENCE

Petitioner argues that his sentence was excessive, given the circumstances of the case. Pet. ¶22A. This claim does not present an issue that is cognizable by this Court on habeas review.

The assertion that a sentencing judge abused his or her discretion in sentencing is generally not a federal claim subject to review by a habeas court. See Fielding v. LeFevre, 548 F.2d 1102, 1109 (2d Cir. 1977) (citing Townsend v. Burke, 334 U.S. 736, 741 (1948)). A challenge to the term of a sentence is not a cognizable constitutional issue if the sentence falls within the statutory range. White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992). Here, Petitioner received concurrent terms of twenty-three years for manslaughter and three and a third to ten years for robbery, which falls within the statutory range. See Penal Law §§ 70.02, 70.05.

Accordingly, Petitioner's claim does not present a cognizable issue, and habeas relief is denied.

**2. WAIVER OF RIGHT TO APPEAL**

Petitioner contends that his waiver of his right to appeal is invalid because it was not made knowingly and voluntarily. More specifically, he contends that: (1) the court's language was ambiguous because it implied that appellate review might become available subsequent to the date of sentencing; and (2) that the court did not correctly articulate what right appellant was forfeiting by entering a plea of guilty. Pet. ¶22B; see also Petitioner's Brief on Appeal [B.A.], Point I. Petitioner raised this issue on direct appeal, and the Appellate Division rejected the claim without opinion. Underwood, 23 A.D.3d 1064. Because it

is unclear whether the state court adjudicated this claim on the merits,[1] the Court will review the claim *de novo*. See Torres v. Berbary, 340 F.3d 63, 68 (2d Cir. 2003).

The "right to appeal in a criminal case is not of constitutional magnitude." United States v. Teeter, 257 F.3d 14 (1st Cir. 2001) (citing Jones v. Barnes, 463 U.S. 745, 751 (1983)). Given that a defendant may waive constitutional rights as part of a plea agreement, "it follows logically that a defendant ought to be able to waive rights that are purely creatures of statute." Id. (citing Town of Newton v. Rumery, 480 U.S. 386, 393 (1987)); Brady v. United States, 397 U.S. 742, 752-53 (1970).

First, Petitioner has not demonstrated that, as a matter of state law, the trial court was obligated to employ any particular language when accepting his waiver of the right to appeal. See People v. Ludlow, 42 A.D.3d 941, 942 (4th Dep't. 2007) (finding there is no requirement that the trial court engage in any particular litany when accepting a defendant's waiver of the right to appeal) (citing People v. Callahan, 80 N.Y.2d 273, 283 (2006)); see also People v. Hidalgo, 91 N.Y.2d at 737 (finding that defendant who confirmed that she understood that she could not return to "this Court or to any court" to set aside her conviction knowingly and intelligently waived her right to appeal from any and

---

[1] It is unclear whether the Appellate Division substantively reviewed the claim and rejected it on the merits, or simply reviewed the claim and rejected it based on the fact that Petitioner waived his right to appeal by entering the guilty plea.

all aspects of her case).

Second, Petitioner has not established an error of federal constitutional magnitude. Significantly, Petitioner does not point to, nor is the Court aware of, any federal precedent standing for the proposition that the trial court must employ specific language when apprising a defendant pleading guilty of the individual rights eschewed. Here, the trial court explained to Petitioner in plain terms what the right to appeal encompassed, first obtaining an affirmative response from Petitioner when the judge asked him, "You understand further that you are giving up your right to appeal. Do you understand that?" The judge then explained,"[t]hat means that you can't go to a higher court and have a higher court review this matter from the date of March 16, 2001 and/or May 13, 2001 to and including the date of sentence." When asked if he understood that concept, Petitioner replied, "Yes." P.C. 19-20. Petitioner contends that the trial court's language was ambiguous in that it implied that appellate review might become available subsequent to the sentencing date. Further, he contends that the trial court did not correctly articulate what right he was forfeiting by entering the guilty plea.

The Court rejects both of these contentions. The record reflects that Petitioner indicated he understood that he was forfeiting the right to appeal by entering the guilty plea, that he had discussed the matter with his attorney, and that he wished to

proceed by entering the guilty plea. See P.C. 19-20. The trial court's reference to the dates of the crimes simply clarified/emphasized that if Petitioner waived his right to appeal, he would not be able to seek higher review of his case from the dates of the crimes up to and including the date of his sentencing.

Petitioner has failed to show that the state court's enforcement of the waiver of his appellate rights denied him of any rights under New York state law or the federal Constitution. Cf., United States v. Ciampi, 419 F.3d 20, 25 (1st Cir. 2005) ("Although it is true that the district court never asked Ciampi specifically or directly: 'Do you understand the provision waiving your appellate and habeas rights,' we have prescribed no 'mandatory language for such an inquiry because the circumstances will vary from case to case, from defendant to defendant, and from plea agreement to plea agreement. We caution only that the court's interrogation should be specific enough to confirm the defendant's understanding of the waiver and her acquiescence in the relinquishment of rights that it betokens.'") (quotation omitted).

Accordingly, the claim attacking the voluntariness of Petitioner's waiver of appellate rights is dismissed.

## V. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make "a

substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: January 15, 2010
Rochester, New York